BYE, Circuit Judge,
dissenting.
I disagree with the decision to reverse and remand for a new trial. The instructional error on the breach-of-contract claim did not prejudice McCandless because Friedman also prevailed on the fraudulent misrepresentation claim, and the amount of damages on the two alternative theories of recovery was exactly the same. I therefore respectfully dissent.
This case was submitted on two alternative theories of liability — breach of contract and fraudulent misrepresentation. Friedman prevailed on both claims. When a party prevails on both of its alternate theories of recovery, it is axiomatic that any instructional error on one claim does not affect its success on the other. Stated another way, a losing party cannot show prejudice due to instructional error on one of two alternate theories of recovery if it also loses on the correctly-instructed claim. See Stockmen’s Livestock Mkt., Inc. v. Norwest Bank of Sioux City, 135 F.3d 1236, 1246 (8th Cir.1998) (rejecting a claimed instructional error involving “virtually identical” claims for common law fraud and deceit because the jury’s “separate findings ... against Norwest on both fraud and deceit ... negate prejudice”); Stoetzel v. Cont’l Textile Corp. of Am., 768 F.2d 217, 223 n. 4 (8th Cir.1985) (rejecting a claimed instructional error on a fraud claim where “[t]he jury chose to rule for Stoetzel on the alternate ground of breach of contract, and therefore never reached the issue of fraud”); see also Bradshaw v. Freightliner Corp., 937 F.2d 197, 203 (5th Cir.1991) (rejecting a claimed instructional error on a strict products liability claim because “[t]he jury returned a finding of negligence against [the defendant] which afforded plaintiff an alternate theory of recovery”); Taylor v. Burlington N. R.R. Co., 787 F.2d 1309, 1315 (9th Cir.1986) (rejecting the defendant’s claim the district court erred “by refusing to give an instruction on the doctrine of respondeat superior ... because the judge instructed the jury on the alternate theory of direct negligence, and the jury found against Burlington anyway”).
The Court bases its decision to reverse on the special verdict form used in this ease, concluding the interrogatory on damages amounted to a general verdict which allowed the jury to find different damage amounts for the breach of contract claim, the fraudulent misrepresentation claim, or some combination of the two claims. The Court focuses on the verdict form’s use of the word “or” when instructing the jury as to the amount of damages to award: “State the amount of damages Plaintiff sustained as a proximate result of Defendant’s breach of contract or fraudulent misrepresentation.” (Emphasis added). The Court stated: “We cannot assume that the jury awarded the ‘global figure’ of $26,468.36 for fraudulent misrepresenta *504 tion ‘without distinguishing the amount attributable to each claim.’ ” Ante at 502 (quoting Barber v. Whirlpool Corp., 34 F.3d 1268, 1278 (4th Cir.1994)).
In this ease, however, we do not have to assume anything about how much the jury was attributing to each claim. The district court, the plaintiff, the defendant, and the jury all knew there was no difference in the amount of damages involved for either claim. Friedman asked for exactly $26,468.36 on the breach of contract claim, and exactly $26,468.36 on the fraudulent misrepresentation claim. The jury knew the amount of damages would be the same amount — $26,468.36—whether it found for Friedman on one claim or both claims.
Indeed, McCandless conceded this point during closing argument:
It is a simple case and I’ll agree with my counsel to that extent. It’s a contract case submitted to you on two theories. Contract and fraudulent misrepresentation. The damages are the same under each theory. There is no difference in damages and you’ll be instructed on that. That $26,000 number I guess that we settle on, that’s the number. Under either — either form of recovery, the damages are the same.
Trial Transcript at 789 (emphasis added).
To justify its decision, the Court applies the Sunkist Growers rule, which stands for the proposition that a general verdict cannot stand if alternate theories are presented to a jury, and a reviewing court cannot determine whether the verdict is based in whole or in part on an invalidly submitted theory. We do not apply general propositions in the abstract, however, as if in a vacuum. Sunkist Growers simply has no application here, because there is no uncertainty — the amount of damages was identical for both the contract claim and the fraudulent misrepresentation claim. The Court’s claim that it was impossible to ascertain how much the jury awarded for fraudulent misrepresentation has no factual basis whatsoever in this record, evinced by the Court’s failure to cite anything in the record for its flawed assumption. This record, in which McCandless conceded the very point at issue (i.e., that the damages were identical on both theories) conclusively shows the jury awarded $26,468.36 for the correctly-instructed fraudulent misrepresentation claim, the same amount it would have awarded even without finding for Friedman on the erroneously-instructed contract claim. In such a situation, McCandless cannot show it was prejudiced by the erroneous instruction, because there was no instructional error on the fraudulent misrepresentation claim and no uncertainty about how much the jury awarded for the fraudulent misrepresentation claim.
The Court suggests the amount awarded for the fraudulent misrepresentation claim was uncertain because the jury could have assessed different amounts of damages depending on which of the three alleged misrepresentations it found Friedman proved, and thus could have awarded an amount less than the amount Friedman requested on the fraudulent misrepresentation claim. See Ante at 501 n. 4. The problem with this argument is that we know the jury awarded the full amount requested by Friedman for the fraudulent misrepresentation claim. No uncertainty is inserted into this ease merely by raising a hypothetical possibility we can readily determine did not occur.
Moreover, the record shows McCandless never objected to Question 3 on the verdict form and its directive to have the jury state a single amount of damages if it found for Friedman on the breach of contract or fraudulent misrepresentation claim. The lack of an objection here makes perfect sense, given the fact that *505 McCandless conceded the amount of damages for both claims was identical. In such a situation, the Sunkist Growers rule simply does not apply. “[I]f the complaining party does not object to a general verdict form or request interrogatories, a verdict that encompasses multiple claims of liability may be affirmed as long as there is substantial evidence to support one of the theories presented, irrespective of any reversible errors in other claims submitted to the jury.” Davis v. Rennie, 264 F.3d 86, 106 (1st Cir.2001) (distinguishing the Sunkist Growers rule while describing the Eighth Circuit’s holding in Gen. Indus. Corp. v. Hartz Mountain Corp., 810 F.2d 795, 801 (8th Cir.1987)). Here, the record supports the jury’s decision on the fraudulent misrepresentation claim, and it is certain the jury’s damage award was not enhanced in whole or in part by the invalidly submitted contract theory.
I respectfully dissent.